NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0520n.06

No. 14-3859

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 22, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff-Appellee,         )
                                    )   ON APPEAL FROM THE UNITED
v.                                  )   STATES DISTRICT COURT FOR
                                    )   THE SOUTHERN DISTRICT OF
DAQUAN M. TYSON,                    )   OHIO
                                    )
        Defendant-Appellant.        )
                                    )

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; DRAIN, District Judge.[*]

PER CURIAM. Daquan M. Tyson appeals his sentence. We AFFIRM.

A federal grand jury returned an indictment charging Tyson with eight counts of drug and firearm offenses and seeking forfeiture of firearms, cash, jewelry, and cars. Pursuant to a plea agreement, Tyson pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4).

At sentencing, the parties disputed the base offense level for Count 1. Tyson asserted a base offense level of 30, corresponding to at least 700 but less than 1000 kilograms of marijuana, on the basis that the marijuana, cocaine, and cash seized by law enforcement converted to 858.67

_____

[*]The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

kilograms of marijuana. The government argued that Tyson's relevant conduct included not only the drugs and cash seized by law enforcement but also the kilogram-sized cocaine wrapper pulled from the trash of the apartment where Tyson was distributing drugs, the kilograms of cocaine purchased by a confidential informant from Tyson at that same apartment, and the assets purchased by Tyson with drug proceeds and forfeited pursuant to the plea agreement. The government also questioned Tyson's conversion ratio of $40,000 per kilogram of cocaine. Overruling Tyson's objection, the district court found that the government had established by a preponderance of the evidence at least 1000 but less than 3000 kilograms of marijuana equivalent, yielding a base offense level of 32. The district court then applied a two-level reduction in anticipation of Amendment 782 to USSG § 2D1.1(c)'s drug quantity table and a three-level reduction for acceptance of responsibility. Tyson's total offense level of 27 and his criminal history category of IV corresponded to a guidelines range of 100 to 125 months of imprisonment for Count 1. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Tyson to 100 months of imprisonment on Count 1 and the mandatory consecutive 60 months of imprisonment on Count 4.

On appeal, Tyson does not challenge the district court's attribution of at least 1000 but less than 3000 kilograms of marijuana equivalent to him. Tyson instead contends that the district court erred in failing to make a specific finding that the relevant conduct attributed to him "amounts to an offense for which a criminal defendant could potentially be incarcerated." *United States v. Long*, 457 F. App'x 534, 540 (6th Cir. 2012) (quoting *United States v. Shafer*, 199 F.3d 826, 830 (6th Cir. 1999)). Because Tyson did not object to the district court's failure to make this finding, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).

The district court was not required to make such a finding because the conduct at issue all stemmed from Tyson's drug conspiracy offense. The *Long* case upon which Tyson relies is distinguishable. In that case, the defendant challenged the inclusion of drug quantities that were not part of the underlying drug offense—possession with intent to distribute drugs on a specific date—and were instead part of what "would have been a conspiracy but for the fact that [the defendant's co-conspirator] was a government informant." *Long*, 457 F. App'x at 542. "Because neither the Government nor the district court identified an offense for which [the defendant] could potentially be incarcerated in association with" the challenged drug quantities, this court held that the district court erred in including those drug quantities as relevant conduct. *Id.* at 543. Here, the drugs and drug proceeds attributed to Tyson as relevant conduct all arose from the offense for which he was convicted and sentenced—a conspiracy from January 1, 2008, to April 25, 2012, to distribute and possess with intent to distribute cocaine and marijuana. There was, therefore, no need for the district court to identify any *other* offense for which Tyson could potentially be incarcerated. The district court did not commit error, plain or otherwise, in failing to do so.

Accordingly, we AFFIRM Tyson's sentence.